# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK, N.A., as Trustee for the Certificateholders of the LXS 2007-16N Trust,

Plaintiff,

vs.

MAR-A-LAGO HOMEOWNERS ASSOCIATION, *et al.*,

Defendants.

Case No.: 2:16-cv-00565-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 34), filed by Nationstar Mortgage LLC ("Nationstar").[1] Defendant Mar-A-Lago Homeowners Association ("HOA") filed a Response, (ECF No. 35), and Nationstar filed a Reply, (ECF No. 40).

Also pending before the Court is the Motion to Dismiss Michael J. Aiello's ("Aiello's) Crossclaims, (ECF No. 36), filed by HOA, to which Aiello failed to respond.

Also pending before the Court is the Motion to Dismiss Nationstar's Complaint, (ECF No. 37), filed by HOA. Nationstar filed a Response, (ECF No. 39), and HOA filed a Reply, (ECF No. 42).

For the reasons discussed herein, the Motion for Summary Judgment is **GRANTED**, the Motion to Dismiss Aiello's Crossclaims is **GRANTED**, and the Motion to Dismiss Plaintiff's Complaint is **DENIED as moot**.[2]

---

[1] On January 2, 2018, Nationstar filed a Motion to Substitute asserting that U.S. Bank, N.A. is the real party in interest with respect to the Property. (*See* Mot. to Substitute, ECF No. 41). In the Motion, Nationstar states that "[a]ll claims, rights, and remedies previously asserted by Nationstar against defendants will be assumed by U.S. Bank, and Nationstar's role in this matter will be terminated." (*Id.* 3:9–10). On January 30, 2018, the Court granted Nationstar's Motion, (ECF No. 43). Accordingly, the Court hereinafter refers to U.S. Bank as Plaintiff.

[2] As discussed *infra*, the Court dismisses Plaintiff's causes of action asserted against HOA as moot. In light of this holding, the Court denies HOA's Motion to Dismiss, (ECF No. 37), as moot.

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 3150 Soft Breezes Dr., Unit #2007, Las Vegas, Nevada 89128 (the "Property"). (Compl. ¶ 6, ECF No. 1). On June 18, 2007, non-party Paul Kover ("Borrower") purchased the Property by way of a loan in the amount of $132,000.00 secured by a Deed of Trust ("DOT") recorded on June 21, 2007. (*See* Deed of Trust, Ex. A to Nationstar's Mot. Summ. J. ("MSJ"), ECF No. 34-1). Plaintiff became beneficiary of the DOT through a series of assignments and a subsequent discharge of assignment. (*See* Assignments, Exs. B, C to MSJ, ECF Nos. 34-2, 34-3); (*see also* Discharge of Assignment, Ex. 4 to Mot. to Substitute, ECF No. 41-1).

Upon Borrower's failure to pay all amounts due, HOA, through its agent Absolute Collection Services, Inc. ("ACS"), recorded a notice of delinquent assessment lien on April 12, 2010. (*See* Notice of Delinquent Assessment Lien, Ex. D to MSJ, ECF No. 34-4). On July 23, 2010, ACS, on behalf of HOA, recorded a notice of default and election to sell. (*See* Notice of Default, Ex. E to MSJ, ECF No. 34-5). On October 28, 2010, HOA, through ACS, recorded a notice of sale. (*See* Notice of Trustee's Sale, Ex. F to MSJ, ECF No. 34-6). Aiello purchased the Property at the foreclosure sale and recorded his interest in the Property on March 16, 2011. (*See* Trustee's Deed Upon Sale, Ex. G to MSJ, ECF No. 34-7).

The Complaint in this action was filed on March 14, 2016, and asserts the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title with a requested remedy of declaratory judgment against Aiello; (2) breach of Nevada Revised Statute ("NRS") § 116.1113 against HOA and ACS; (3) wrongful foreclosure against HOA and ACS; and (4) injunctive relief against Aiello. (*See* Compl. ¶¶ 26–69). On May 2, 2016, Aiello filed an Answer in which he brings the following crossclaims: (1) negligent misrepresentation against HOA; (2) indemnification against HOA and ACS; and (3) contribution against HOA and ACS. (*See* Answer 14:19–18:8, ECF No. 19).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Motion for Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing

the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in

his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

### A. HOA's Motion to Dismiss Aiello's Crossclaims

HOA moves to dismiss Aiello's crossclaims for negligent misrepresentation, contribution, and indemnification. (*See* Mot. to Dismiss ("MTD") 3:18–4:5, ECF No. 36). As an initial matter, Aiello has consented to the granting of HOA's Motion by failing to file a response. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Nonetheless, the Court will address the merits of HOA's Motion and Aiello's claims.

#### i. Negligent Misrepresentation

HOA argues that Aiello's negligent misrepresentation claim is barred by the applicable limitations period. (MTD 5:5–9). An action for negligent misrepresentation under NRS § 11.190 is subject to either a two or three-year statute of limitations. *See Lopez v. U.S. Bank Nat. Ass'n*, No. 2:13-cv-01232-MMD-PAL, 2014 WL 300797, at *2 (D. Nev. Jan 27, 2014) (noting intentional misrepresentation and negligent misrepresentation claims are subject to a three-year statute of limitations and a two-year statute of limitations, respectively); *see* NRS §§ 11.190(3)(d), (4)(e). Here, Aiello's claim is explicitly for negligent misrepresentation, (*see* Answer 14:21–15:2), and therefore, the two-year limitations period governs.

HOA asserts the applicable limitations period began to accrue in March 2011, when Aiello purchased the Property. (MTD 5:5). Therefore, according to HOA, because Aiello filed his crossclaims on May 2, 2016, his claim is time-barred. Because Plaintiff has not responded and, consequently, failed to offer any argument in favor of the timeliness of his claim, the Court grants HOA's Motion as to Aiello's first cause of action without prejudice. *See Van Damme v. JP Morgan Chase Bank, Inc. N.A.*, No. 2:15-cv-1951-GMN-PAL, 2018 WL 1512599, at *5 (D.

Nev. Mar. 26, 2018) ("When a complaint shows on its face that the cause of action is time-barred, 'the burden falls upon the plaintiff to satisfy to the court that the bar does not exist.'") (quoting *Bank of Nevada v. Friedman*, 420 P.2d 1, 4 (Nev. 1966)).

### ii. Indemnity and Contribution

HOA also seeks to dismiss Aiello's second and third causes of action for indemnity[3] and contribution, respectively. (MTD 5:20–7:22). "Contractual indemnity is where, pursuant to a contractual provision, two parties agree that one party will reimburse the other party for liability resulting from the former's work." *Medallion Dev., Inc. v. Converse Consultants*, 930 P.2d 115, 119 (Nev. 1997), *superseded by statute on other grounds as stated in Doctors Co. v. Vincent*, 89 P.3d 681, 654 (Nev. 2004).

To the extent Aiello asserts a contractual indemnity claim, it necessarily fails. Aiello does not allege any contract between HOA and Aiello with respect to the Property, much less one that includes an indemnity clause. On the contrary, as HOA points out, HOA explicitly conveyed the Property to Aiello "without warranty." (*See* MTD 6:6–14); (*see also* Trustee's Deed Upon Sale, Ex. 1 to MTD, ECF No. 36-1). Therefore, insofar as Aiello brings a claim for contractual indemnity, the Court grants HOA's Motion to Dismiss with respect to that claim. *See F.D.I.C. v. Nevada Title Co.*, No. 2:13-cv-00606-GMN-VCF, 2014 WL 4798523, at *4 (D. Nev. Sept. 25, 2014) (dismissing contractual indemnification claim in light of "no specific contract provision addressing indemnity").

With respect to equitable indemnity and contribution, HOA argues that these claims are inapplicable because Aiello has neither been held liable for any loss nor agreed to discharge liability. (MTD 7:16–17, 8:10–21). To establish a claim for equitable indemnity, a claimant must prove: "(1) it has discharged a legal obligation owed to a third party; (2) the party from

---

[3] Aiello does not specify whether his indemnity crossclaim is for contractual or equitable indemnity. (*See* Answer 15:18–16:11). Accordingly, the Court will address both theories of liability.

whom it seeks liability also was liable to the third party; and (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter." *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev. 2009). Similarly, "the remedy of contribution allows one tortfeasor to extinguish joint liabilities through payment to the injured party, and then seek partial reimbursement from a joint tortfeasor for sums paid in excess of the settling or discharging tortfeasor's equitable share of the common liability." *Doctors Co.*, 98 P.3d at 686.

According to HOA, because Aiello has neither made, nor agreed to make, any payment to discharge a common liability to Nationstar, Aiello cannot state a claim for contribution or indemnity. (MTD 7:16–17, 8:10–21). Under Federal Rule of Civil Procedure 13(g), a crossclaim "may include a claim that the coparty is or *may be liable* to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Fed. R. Civ. P. 13(g) (emphasis added). Contrary to HOA's argument, the rule does not require that claims for indemnity or contribution be mature at the time of pleading. *See Canyon Cmty. Bank Nat. Ass'n v. Nat'l Title Co.*, No. 2:11-cv-950-RCJ-RJJ, 2012 WL 75818, at *4 (D. Nev. Jan. 10, 2012); *Kabins Family LP v. Chain Consortium*, No. 2:09-cv-01125-GMN-RJJ, 2010 WL 3001890, at *11 (D. Nev. July 27, 2010); *see also Wade v. Aloha King, LLC*, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015) ("[T]he crossclaim provision in [Rule] 13(g) does not require that the indemnification or contribution claims be mature at the time of pleading.") (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1431 (2010)).

Nonetheless, the Court finds that Aiello's claims must be dismissed on alternative grounds. As discussed *infra*, the Court dismisses Plaintiff's two causes of action against HOA and ACS as moot. As such, Aiello's claim for equitable indemnity may not lie because Aiello cannot establish that HOA or ACS are liable to Plaintiff. *See Rodriguez*, 216 P.3d at 801 ("A

claimant seeking equitable indemnity must plead and prove that . . . the party from whom it seeks liability also was liable to the third party . . . ."). Similarly, Aiello cannot state a claim for contribution as HOA and ACS, pursuant to this Order, are not joint tortfeasors who may be liable to Plaintiff. *See* NRS § 17.225 ("[W]here two or more persons become jointly or severally liable in tort for the same injury to person or property . . . there is a right of contribution . . . ."); *see also Medallion Dev., Inc.*, 930 P.2d at 119 ("[U]nder the principle of contribution, a tort-feasor against whom a judgment is rendered is entitled to recover proportional shares of judgment from other joint tort-feasors whose negligence contributed to the injury and *who were also liable to the plaintiff*.") (quoting Black's Law Dictionary 326 (6th ed. 1991) (internal quotation marks and citation omitted) (emphasis added)). Accordingly, Aiello's claims for contribution and indemnity are dismissed with prejudice.

### iii. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Aiello may be able to plead sufficient facts to establish the timeliness of his negligent misrepresentation claim and, if applicable, the plausibility of his contractual indemnity claim to the extent that claim is asserted. Should Aiello elect to amend his crossclaims, he shall do so within twenty-one (21) days from the date of this Order.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on its first cause of action for quiet title and declaratory relief. (*See* MSJ 1:18–20). Plaintiff and HOA dispute whether *Bourne Valley Court*

*Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (*Id.* 5:1–8:12); (HOA's Resp. 7:25–8:2, ECF No. 35). Accordingly, the Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley* before turning to the merits of Plaintiff's claim and the parties' arguments.

### i. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact

that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

HOA requests that the Court stay the instant case, (Resp. 8:7–9:15),[4] pending the Nevada Supreme Court's determination of whether "NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to

---

[4] The Court notes that HOA's request is procedurally improper because as it was not filed as a separate motion. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."); *see also Mut. of Enumclaw Ins. Co. v. Vignola*, No. 2:16-cv-2080-JCM-CWH, 2017 WL 2294080, at *1 n.1 (D. Nev. May 25, 2017).

persons or entities holding a subordinate interest even when such persons or entities did not request notice." *See Bank of New York Mellon v. Star Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671 (D. Nev. Apr. 21, 2017) (certifying question to the Nevada Supreme Court). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). In any event, as discussed *supra*, the Court is bound by the Ninth Circuit's interpretation of *federal law* holding that NRS § 116.3116 *et seq.* facially violated lenders' due process rights under the Fourteenth Amendment of the U.S. Constitution. Accordingly, the Court denies HOA's request for a stay on this basis.

Based on the foregoing, the Court concludes that HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure sale cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of Plaintiff as assignee of the DOT.

### ii. Plaintiff's Remaining Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff requests primarily a declaration that Aiello purchased the Property subject to Plaintiff's DOT. (*See* Compl. 12:23–24). Plaintiff's claims against HOA and ACS for breach of NRS § 116.1113 and wrongful foreclosure are phrased in the alternative. (*Id.* 13:1–3). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action as moot.

With regard to Plaintiff's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of

summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 34), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss Aiello's Crossclaims, (ECF No. 36), is **GRANTED in part** and **DENIED in part**. Aiello's claims for negligent misrepresentation and contractual indemnity are **DISMISSED** without prejudice. Aiello's claims for indemnity and contribution are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Aiello shall have twenty-one (21) days from the date of this Order to file amended crossclaims consistent with this Order. Failure to file amended crossclaims by this date shall result in the dismissal of Aiello's crossclaims with prejudice.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF No. 37), is **DENIED as moot**.

**DATED** this __12__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge